UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TREVOR WHITTINGHAM,

                Plaintiff,

-against-

MARK TRESS, ALSO KNOWN AS MOISHE TRESS, ET AL.

                Defendants.

23-CV-6058 (VSB)

ORDER OF SERVICE

---

VERNON S. BRODERICK, United States District Judge:

      Plaintiff brings this *pro se* action, for which the filing fee has been paid, alleging that Defendants violated his rights under state and federal law. For the reasons set forth below, the Court: (1) dismisses without prejudice any claims Plaintiff Trevor Whittingham seeks to bring on behalf of Global Investment Strategies Trust and 2201 Seventh Avenue Realty; (2) denies the "Notice of Motion Pursuant to 28 U.S.C. § 455" filed by non-party Curtis Van Stuyvesant; and (3) directs the Clerk of Court to issue summonses.

## STANDARD OF REVIEW

      The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*,

572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.   Claims brought on behalf of corporate entities

Plaintiff Trevor Whittingham brings claims on his own behalf and on behalf of Global Investment Strategies Trust and 2201 Seventh Avenue Realty LLC.  As a nonlawyer, however, Plaintiff Whittingham can only represent his own interests.  *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause."  (internal quotation marks and citation omitted)); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (noting that Section 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'").  Furthermore, corporations, nonprofit organizations, and other artificial entities cannot proceed *pro se*.  *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (noting that "lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney" (citations omitted)); *see also Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*").  The Court therefore dismisses without prejudice any claims asserted on behalf of Global Investment Strategies Trust and 2201 Seventh Avenue Realty LLC.

B.     **Motion filed by Curtis Van Stuyvesant**

On July 12, 2023, the same day that the complaint in this action was filed, an individual named Curtis Van Stuyvesant filed a notice of motion and a supporting affidavit for an order under 28 U.S.C. § 455 "for the recusal of Hon. Lewis A. Kaplan . . . due to his actual conflict of interest." (Doc. 2, at 1.)  Van Stuyvesant, who has been convicted of practicing law without a license, *see People v. Stuyvesant*, 297 A.D.2d 559, 560 (2002), has previously filed *pro se* actions in this court, including a recent action in which he attempted to assert claims on behalf of Whittingham, *see Van Stuyvesant v. Crane*, ECF 1:23-CV-4394, 7 (dismissing claims brought by Van Stuyvesant on behalf of Whittingham).  As mentioned above, the statute governing appearances in federal court, Section 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Eagle Assocs.*, 926 F.2d at 1308 (quoting Section 1654).  Specifically, "an individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." *U.S. ex rel. Mergent Servs.*, 540 F.3d at 92 (internal quotation marks and citation omitted).  Because Van Stuyvesant, who is not a lawyer, cannot appear in this action on behalf of Whittingham, the Court denies the motion filed by Van Stuyvesant.  (Doc 2.)

C.     **Issuance of summonses**

The Clerk of Court is directed to issue summonses as to Defendants Mark Tress, also known as Moishe Tress; 1180 President Finding, LLC; Harlem Contracting LLC; David Satnick, John Piskora; Loeb & Loeb LLP; David Kriss; Jerold Feuerstein; Kenneth Horowitz; Steve Zervoudis; Galaxy General Contracting Corporation; Susana Molina Rojas; Kam Yuen; Emma Lauren Holmes; Melissa Ann Crane; Debora Baker; Tyler Evans; Kevin Badskhan; Joshua Kelly; Roberta Ashkin; Banco Popular N.A.; First Insurance Company; and Veronica Duncan.

3

Plaintiff is directed to serve the summons and complaint on each Defendant within 90 days of the issuance of the summonses.[1]  If within those 90 days, Plaintiff has not either served Defendants or requested an extension of time to do so, the Court may dismiss the claims against Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

## CONCLUSION

The Court dismisses without prejudice any claims brought on behalf of Global Investment Strategies Trust and 2201 Seventh Avenue Realty LLC.

The Court denies the motion filed in this action by Curtis Van Stuyvesant.  (Doc. 2.)

The Clerk of Court is directed to issue summonses as to Defendants Mark Tress, also known as Moishe Tress; 1180 President Finding, LLC; Harlem Contracting LLC; David Satnick, John Piskora; Loeb & Loeb LLP; David Kriss; Jerold Feuerstein; Kenneth Horowitz; Steve Zervoudis; Galaxy General Contracting Corporation; Susana Molina Rojas; Kam Yuen; Emma Lauren Holmes; Melissa Ann Crane; Debora Baker; Tyler Evans; Kevin Badskhan; Joshua Kelly; Roberta Ashkin; Banco Popular N.A.; First Insurance Company; and Veronica Duncan.

The Clerk of Court is also directed to mail an information package to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, the summons in this case was not issued when Plaintiff filed the complaint because he had not paid the filing fee. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    August 18, 2023
           New York, New York

                                            VERNON S. BRODERICK
                                            United States District Judge