UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
             :
TREVOR WHITTINGHAM,          :
             :
           Plaintiff,    :
             :        23-CV-6058 (VSB)
     - against -        :
             :        **OPINION & ORDER**
             :
MARK TRESS, ALSO KNOWN AS MOISHE:
TRESS, ET AL.,               :
             :
           Defendants.  :
             :
------------------------------------------------------------X

Appearances:

Trevor Whittingham
New York, NY
*Pro se Plaintiff*

Saul Warren Bienenfeld
Bienenfeld Law
Cedarhurst, NY
*Counsel for Defendant 1180 President Funding, LLC*

John Anthony Piskora
Loeb & Loeb LLP
New York, NY
*Counsel for Defendants Harlem Contracting, LLC, David Satnick, John Piskora, and Loeb & Loeb LLP*

Michael James Bonneville
Kriss & Feuerstein LLP
New York, NY
*Counsel for Defendants David Kriss and Jerold Feuerstein*

Lena Eleni Paxos
Condon & Mara, PLLC
Nanuet, NY
*Counsel for Defendants Steve Zervoudis, and Galaxy General Contracting Corporation*

Anjali Bhat
New York Attorney General
New York, NY
*Counsel for Susana Molina Rojas, Kam Yuen, Emma Lauren Holmes, Melissa Ann Crane, Deborah Baker, Tyler Evans, Kevin Badskhan, Joshua Kelly, and Roberta Askhin*

<u>VERNON S. BRODERICK</u>, United States District Judge:

Before me are Defendants Kevin Badskhan, Deborah Baker, Melissa Ann Crane, Tyler Evans, Emma Lauren Holmes, Joshua Kelly, Susana Molina Rojas, and Kam Yuen's motion to dismiss Plaintiff's complaint, (Doc. 16); Plaintiff's motions for default judgment and summary judgment, (Doc. 20); Defendants Loeb & Loeb LLP, John Piskora, and David Satnick's motion to dismiss, (Doc. 22); Defendant Harlem Contracting, LLC's cross motion to dismiss, (Docs. 29); Plaintiff's motion "pursuant to Federal Rule of Civil Procedure Rule 12 [a][1][4]," (Doc. 33); Defendants Roberta Ashkin, Jerold Feuerstein, and David Kriss's motion to dismiss, (Doc. 41); Plaintiff's motion "pursuant to Federal Rule[s] of Civil Procedure 11 [and] 12[a][1][4]," (Doc. 48); Plaintiff's motion "pursuant to 28 U.S.C. 1927 and Federal Rule of Civil Procedure 11 [for] sanctions," (Docs. 54 at 1; *see also* Doc. 55); Plaintiff's second motion for default judgment, (Doc. 48); Plaintiff's second motion for sanctions, (Doc. 70); Defendant 1180 President Funding, LLC's motion to dismiss, (Doc. 78); Plaintiff's motion for an injunction and restraining order, (Doc. 82; *see also* Doc. 83); Defendant Steve Zervoudis's cross motion to dismiss, (Doc. 89); Defendant Galaxy General Contracting Corporation's motion to dismiss, (Doc. 90); and Plaintiff's second motion for an injunction and restraining order, (Doc. 95).

For the reasons that follow, Defendants' motions to dismiss Plaintiff's complaint are GRANTED; Plaintiff's motions for default judgment and summary judgment are DENIED; Plaintiff's motions for sanctions are DENIED; and Plaintiff's motions for an injunction and restraining order are DENIED.

I. **<u>Factual Background</u>**[1]

Pro se Plaintiff Trevor Whittingham ("Plaintiff" or "Whittingham") initially brought this action along with former plaintiffs 2201 7th Avenue Realty LLC ("2201 LLC") and Global Investment Strategies Trust ("Global"). (Compl. ¶ 1; *see also* Doc. 7, Aug. 18, 2023 order dismissing 2201 LLC and Global as plaintiffs.)[2] 2201 LLC and Global were defendants in the 2010 action *Harlem Contracting, LLC v. 2201 7th Avenue Realty LLC, et al.*, Index No. 102131/2010 in the Supreme Court of the State of New York, County of New York (the "Underlying Action"). (Compl. ¶¶ 7-23; *see also* Doc. 1-3, Ex. Y, at 34–44 (June 1, 2021 Decision and Order of Justice Melissa Crane in the Underlying Action (the "Decision")); *see also* Bhat Decl., Doc. 17-1, Ex. A.)[3] The Underlying Action arose because 2201 LLC failed to fully pay its contractors for labor and construction services on a condominium development project on a property in Harlem, New York (the "Property").[4] (Compl. ¶¶ 11-12, 40, 45, 52, 65-74; *see also* Decision 2; *see also* State Defs. Mem. 2–3.)[5] Defendant Galaxy General Contracting Corp. ("Galaxy"), the general contractor, filed a mechanic's lien against the Property and subsequently filed the Underlying Action to foreclose on the Property. (Compl. ¶¶ 11, 14,

---

[1] The facts set forth in this section are derived from Plaintiff's Complaint, (Doc. 1), as well as state court opinions and orders of which I take judicial notice, *see Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (citation omitted)). I assume the allegations set forth in Plaintiff's Complaint to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] "Compl." refers to Plaintiff's Complaint, filed July 17, 2023. (Doc. 1.)

[3] "Bhat Decl." refers to the Declaration of Anjali Bhat in Support of the State Defendants' Motion to Dismiss, (Doc. 17), and the exhibits thereto.

[4] 2201 LLC was the prior owner and developer of the real property located at 2201 7th Avenue in the Harlem neighborhood in upper Manhattan. (*See* Doc. 24, Loeb Defs. Mem. at 1; *see also* Bhat Decl., Doc. 17-1, Ex. A at 1.)

[5] "State Defs. Mem." refers to the Memorandum of Law in Support of the State Defendants' Motion to Dismiss Plaintiff's Complaint. (Doc. 18.)

40; *see also* Decision 2; *see also* State Defs. Mem. 2–3; *see also* Loeb Defs. Mem. 1.)[6] Galaxy moved for a default judgment against certain defendants, including 2201 LLC. (Decision 2; *see also* State Defs. Mem. 3.)

The trial court initially granted the default judgment against some defendants but not 2201 LLC. *Id*. Galaxy appealed as to the denial of default judgment against 2201 LLC. *Id*. The Supreme Court of the State of New York, Appellate Division, First Department (the "First Department") heard the appeal and granted the default judgment as to 2201 LLC. (*Id*; *see also* Loeb Defs. Mem. 1). Following the First Department's decision and remand, the trial court entered judgment against 2201 LLC, authorized Galaxy to sell 2201 LLC's interest in the Property and receive the proceeds, and referred the action to Roberta Ashkin (a defendant in the instant action), as referee, to conduct the sale and confirm the amount due to Galaxy. (Decision 3; *see also* Compl. ¶ 83; *see also* State Defs. Mem. 3.) Harlem Contracting, LLC ("Harlem Contracting"), plaintiff in the Underlying Action, was the successful bidder at the 2015 auction sale conducted by Defendant Ashkin and received the deed to the Property. (Compl. ¶ 86, 89; *see also* Decision 3; *see also* State Defs. Mem. 3; *see also* Loeb Defs. Mem. 1–2.)

Plaintiff, Global and 2201 LLC thereafter moved to void the referee's deed as fraudulently obtained and dismiss the Underlying Action and a related action, which the trial court denied. (Decision 3-4; *see also* State Defs. Mem. 3.) Plaintiff and 2201 LLC then moved again to void the referee's deed and stay the foreclosure sale pending determination of the related action; the movants withdrew this motion without prejudice, but the trial court ordered that the withdrawal was with prejudice. (Decision 4; *see also* State Defs. Mem. 3.) 2201 LLC moved

---

[6] "Loeb Defs. Mem." refers to the Memorandum of Law in Support of the Loeb Defendants' Motion to Dismiss Plaintiff's Complaint. (Doc. 24.)

once more for the same relief and also for reargument and renewal, which the trial court denied. (Decision 4; *see also* State Defs. Mem. 3.)  Plaintiff, Global and 2201 LLC then moved again pursuant to New York Civil Practice Law and Rules 5105(a) by order to show cause for an order vacating the deed.  (Compl. at ¶¶ 50, 93, 95; *see also* Decision 1-2, 4; *see also* State Defs. Mem. at 3–4).  By decision, dated June 1, 2021, State Defendant Justice Melissa Crane (*see* Compl. at ¶ 20), who was presiding over the Underlying Action, denied Plaintiff's motion, holding that (1) Plaintiff lacked standing as he was not a party to the Underlying Action and could not represent Global and 2201 LLC pro se; (2) Plaintiff's motion duplicated two previously filed motions denied by the trial court, and therefore under the doctrine of the law of the case, the motion had to be denied; and (3) 2201 LLC was in default and could not move while in default.  (Decision 6-9; *see also* Compl. ¶¶ 24, 99; *see also* State Defs. Mem. 4.)

By notice of appeal, dated July 27, 2021, Plaintiff, Global and 2201 appealed the June 1, 2021 New York County Supreme Court Decision and Order to the First Department.  (Compl. ¶ 103; Doc. 1-3 at 67-76 (notice of appeal); *see also* State Defs. Mem. 4.)  By decision and order, dated and entered October 18, 2022 (the "Affirmance", annexed to the Complaint as Exhibit JJ, Doc. 1-3 at 151; *see also* Bhat Decl. Ex. B), the First Department affirmed the June 1, 2021 New York County Supreme Court Decision and Order holding that Plaintiff's notice of appeal was untimely served and that Plaintiff lacked standing.  (Compl. ¶¶ 20, 119; *see also* Affirmance at 1-2; *see also* State Defs. Mem. 5.)  Plaintiff sought leave to appeal to the New York Court of Appeals, which was denied.  (Compl. at ¶ 119; *see also* State Defs. Mem. 5.)

## II. Procedural History

Plaintiff filed the Complaint in this action on July 12, 2023.  (Doc. 1.)  Defendants Kevin Badskhan, Deborah Baker, Melissa Ann Crane, Tyler Evans, Emma Lauren Holmes, Joshua

Kelly, Susana Molina Rojas, and Kam Yuen (together, the "State Defendants") filed their motion to dismiss and supporting papers on November 15, 2023. (Docs. 16–18). Plaintiff thereafter filed motions for default judgment and summary judgment, as well as an affidavit in support of the motions, on November 21 and 22, 2023. (Docs. 20–21.)

Defendants Loeb & Loeb LLP, John Piskora, and David Satnick (together, the "Loeb Defendants") filed a motion to dismiss and supporting papers on November 22, 2023. (Docs. 22–24.) Defendant Harlem Contracting, LLC ("Harlem Contracting"), filed a cross motion to dismiss and a memorandum of law in support of its cross motion and in opposition to Plaintiff's motion for default judgment on December 5, 2023. (Docs. 29–30). Plaintiff thereafter filed a motion "pursuant to Federal Rule of Civil Procedure Rule 12 [a][1][4]", which appears to be an attempt to file a motion to dismiss against the Loeb Defendants' motion to dismiss, on December 6, 2023. (Docs. 33–35). Plaintiff also filed an "affirmation in opposition reply," which appears to be Plaintiff's opposition to Defendant Harlem Contracting's cross motion to dismiss, on December 13, 2023. (Doc. 42). Defendant Harlem Contracting filed its reply on December 18, 2023. (Doc. 44). The State Defendants filed their reply in further support of their motion to dismiss and in opposition to Plaintiff's motion for summary judgment on December 11, 2023, (Doc. 36), and the Loeb Defendants filed a reply in support of their motion to dismiss on December 13, 2023, (Docs. 38–39). Plaintiff filed his reply in support of his motion for summary judgment on December 19, 2023. (Doc. 46).

Defendants Roberta Ashkin, Jerold Feuerstein, and David Kriss filed a motion to dismiss and supporting papers on December 15, 2023. (Doc. 41).

Plaintiff then filed a motion "pursuant to Federal Rule[s] of Civil Procedure 11 [and] 12[a][1][4]", which appears to be a motion for sanctions and for the dismissal of the Loeb

6

Defendants' motion to dismiss, on December 29, 2023.  (Docs. 48–51).  The Loeb Defendants thereafter filed their opposition to Plaintiff's motion for sanctions and motion to "dismiss" the Loeb Defendants' motion to dismiss, on January 5, 2024.  (Doc. 52).

Plaintiff subsequently filed a motion "pursuant to 28 U.S.C. 1927 and Federal Rule of Civil Procedure 11 [for] sanctions enjoining Defendants from filing any more fraudulent, frivolous, spacious[,] [sic] perjured[,] vexatious, dilatory motions which [are] an unethical harassment strategies [sic] against Mr. Whittingham," on January 10, 2024.  (Doc. 54 at 1; *see also* Doc. 55).  The Loeb Defendants filed their opposition on January 16, 2024.  (Doc. 56).

Plaintiff thereafter filed a second motion for default judgment as to Defendants Mark Tress (also known as Moise Tress), Harlem Contracting, the Loeb Defendants, David Kriss, Jerold Feuerstein, Kenneth Horowitz, Roberta Ashkin, Kriss & Feuerstein, Steve Zervoudis, Galaxy General Contracting Corporation, Banco Popular N.A., and First American Title Insurance Company, on January 16, 2024.  (Doc. 48).  The Loeb Defendants and Harlem Contracting filed their opposition on January 22, 2024.  (Doc. 60).  Defendants Roberta Ashkin, Jerold Feuerstein, and David Kriss filed their opposition on January 23, 2024, (Doc. 62), and the State Defendants filed their opposition on January 24, 2024, (Doc. 65).

On January 22, 2024, I ordered Plaintiff to cease filing any additional motions without leave of Court.  (Doc. 59.)

On January 29, 2024, I granted the parties' joint request to stay the action until I issued an order on the pending motions to dismiss.  (Doc. 69.)

On January 31, 2024, Plaintiff violated my January 22, 2024 order by filing another motion for sanctions against Defendants.  (Docs. 70–72.)  In addition, Plaintiff filed what appears to be a "reply" to my January 22, 2024 order.  (Doc. 73.)  On February 6, 2024, I

7

informed Defendants in an order that they need not respond to Plaintiff's latest motion for sanctions and its supporting papers, (Docs. 70–72), in light of my January 22, 2024 order. (*See* Doc. 74.) That same day, Plaintiff filed a reply to "both the New York State Unified Court System January 24, 2024, affirmation in opposition to sanction [sic] [the Defendants]." (*See* Doc. 75.) The next day, Plaintiff filed a "pre-trial statement," (Doc. 76), again in violation of my January 22, 2024 order.

Thereafter, Defendant 1180 President Funding, LLC ("1180 President Funding") filed a motion to dismiss and supporting papers on February 27, 2024. (Docs. 78–81.)

On March 1, 2024, Plaintiff again violated my January 22, 2024 order by filing a motion for an injunction and restraining order "barring Defendants Mark Tress . . . [the Loeb Defendants, and the] Kriss & Feuerstein Defendants from designating Plaintiff's property as abandoned[.]" (*See* Doc. 82 at 1; *see also* Doc. 83.) In response to that motion, I ordered Defendants to file their responses to the motion. (*See* Doc. 84.) The Loeb Defendants filed their opposition on March 27, 2024, (Docs. 85–86); Defendants Roberta Ashkin, Jerold Feuerstein, and David Kriss filed a letter on March 27, 2024 stating that they take no position with respect to Plaintiff's motion; Defendant Steve Zervoudis filed a cross motion to dismiss for lack of jurisdiction on March 27, 2024, (Doc. 89); Defendant Galaxy General Contracting Corporation filed a cross motion to dismiss for lack of jurisdiction on March 27, 2024, (Doc. 90); and the State Defendants filed a letter on March 27, 2024 stating that they take no position with respect to Plaintiff's motion, (Doc. 91). Plaintiff filed his reply regarding the motion for an injunction and restraining order on April 10, 2024. (Doc. 93). That same day, Plaintiff filed what appears to be a reply to both Defendant Steve Zervoudis's cross motion to dismiss and Defendant Galaxy General Contracting Corporation's cross motion to dismiss. (Doc. 94). In addition, Plaintiff

8

again filed a motion for an injunction and restraining order, but this time he added Defendants Harlem Contracting, 1180 President Funding, and "non-party Eric Adams New York City mayor, his minions, City of New York, and Lena E. Paxos attorney for defendants Steve Zervoudis and Galaxy General Contracting Corporation[.]" (*See* Doc. 95.)[7]

### III. Legal Standards

#### A. *Subject Matter Jurisdiction and the Rooker-Feldman Doctrine*

Federal district courts are courts of "limited jurisdiction" and must confirm that they have subject matter jurisdiction over matters before them. *See Durant, Nichols, Houston, Hodgson & Cortese–Costa P.C. v. Dupont*, 565 F.3d 56, 62–63 (2d Cir. 2009) (citation omitted). Such a determination is a threshold issue. *See Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) ("Determining the existence of subject matter jurisdiction is a threshold inquiry") (internal quotation marks and citation omitted).

A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court "lacks the statutory or constitutional power to adjudicate it." *Huntress v. United States*, 810 F. App'x 74, 75 (2d Cir. 2020) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (quoting *Makarova*, 201 F.3d at 113); *see also* Fed. R. Civ. P 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"'[C]ourt[s] must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff,' but 'jurisdiction must be shown affirmatively, and that

---

[7] Defendants Mark Tress (also known as Moishe Tress), Kenneth Horowitz, Banco Popular N.A., and First Insurance Company have not appeared in this action. Plaintiff has not filed affidavits of service (*i.e.* indicating that he served the complaint and summons) for any of the Defendants.

9

showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citations omitted). Ultimately, "the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists.'" *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (quoting *Makarova*, 201 F.3d at 113).

"Under the *Rooker–Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005)).  "The doctrine is rooted in the principle that 'appellate jurisdiction to reverse or modify a state-court judgment is lodged . . . exclusively in [the Supreme] Court.'" (*Id.* (quoting *Exxon Mobile Corp.*, 544 U.S. at 283)).  "There are four requirements for the application of *Rooker-Feldman* doctrine:  (1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites . . . review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Id.* (internal quotation marks, alterations, and citation omitted).  The first and fourth requirements are "procedural," whereas the second and third are "substantive." *Hoblock v. Albany Cty. Bd. of Election*, 422 F.3d 77, 85 (2d Cir. 2005).  "Where all four requirements are met, a district court must dismiss for lack of subject matter jurisdiction." *Hylton v. J.P. Morgan Chase Bank, N.A.*, 338 F. Supp. 3d 263, 274 (S.D.N.Y. 2018).  "[B]ecause *Rooker-Feldman* concerns the Court's subject matter jurisdiction, the Court may address it *sua sponte*[.]" *Wenegieme v. U.S. Bank Nat'l Ass'n*, No. 16-CV-6548, 2017 WL 1857254, at *8 (S.D.N.Y. May 4, 2017), *aff'd*, 715 F. App'x 65 (2d Cir. 2018).

10

### B. *Rule 12(b)(6)*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner*, 496 F.3d at 237. "A complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (internal quotation marks and citation omitted). A court "may also consider matters of which judicial notice may be taken" in ruling on a motion to dismiss, *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (internal quotation marks omitted), including docket sheets, *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006). *See also Global Network Commc'ns, Inc.*, 458 F.3d at 157 ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation but rather to establish the fact of such litigation and related filings." (citation omitted)). A complaint need not make "detailed factual

11

allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

### C. *Pro Se Litigant*

Even after *Twombly* and *Iqbal*, a "document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *See Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Further, pleadings of a pro se party should be read "to raise the strongest arguments that they suggest." *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory allegations. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). In other words, "the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks and alterations omitted).

"Although courts hold pro se complaints to less stringent standards than formal pleadings drafted by lawyers, . . . pro se litigants must establish subject-matter jurisdiction." *Hodge v. New York Unemployment*, No. 24-CV-1631, 2024 WL 1513643, at *1 (E.D.N.Y. Apr. 8, 2024) (internal quotation marks and citation omitted); *see Wahab v. Estee Lauder Companies, Inc.*, No. 18-CV-3732, 2018 WL 10758622, at *2 (E.D.N.Y. July 11, 2018) ("Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking.")

## IV.  Discussion

Plaintiff asserts a myriad of claims against Defendants pursuant to numerous federal criminal and civil statutes.[8]  Before delving into the merits of the Complaint, I must address the application of the *Rooker-Feldman* doctrine to determine the threshold issue of whether I have jurisdiction.  *See Wenegieme*, 2017 WL 1857254, at *8.

Based upon my review of the allegations in the Complaint, it is clear that jurisdiction over Plaintiff's case is barred by the *Rooker-Feldman* doctrine.  Regarding the procedural factors, there is no question that the state court judgment about which Plaintiff complains was

---

[8] Plaintiff cites to various statutes throughout the Complaint, including at times to multiple statutes within one cause of action.  These statutes include, among others:  (1) bribery of a public official pursuant to 18 U.S.C. § 201 against all State Defendants (First Cause of Action, *see* Compl. ¶¶ 181-189); (2) racketeering enterprise pursuant to 18 U.S.C. § 1962 ("RICO"), subsection (c), against all State Defendants, based on predicate acts of mail and wire fraud, bribery, honest service fraud and other criminal acts (Second Cause of Action, *see* Compl. ¶¶ 190-199); (3) racketeering conspiracy pursuant to RICO, 18 U.S.C. § 1962(d), against all State Defendants, based on the same (Third Cause of Action, *see* Compl. ¶¶ 200-206); (4) racketeering aiding and abetting pursuant to RICO, 18 U.S.C. § 1962(d), against all State Defendants, based on the same predicate acts (Fourth Cause of Action, *see* Compl. ¶¶ 207-210); (5) a pattern of racketeering activity pursuant to RICO, 18 U.S.C. § 1962(b) against all State Defendants based on the same predicate acts (Fifth Cause of Action, *see* Compl. ¶¶ 212-213); (6) mail fraud pursuant to 18 U.S.C. § 1843 alleged as a separate cause of action against all State Defendants (Sixth Cause of Action, *see* Compl. ¶¶ 214-237); (7) wire fraud pursuant to 18 U.S.C. § 1341 alleged as a separate cause of action against all State Defendants (Seventh Cause of Action, see Compl. at ¶¶ 238-253); (8) honest service fraud pursuant to 18 U.S.C. § 1346 alleged as a separate cause of action against Justice Crane and Clerk Rojas (Eighth Cause of Action, *see* Compl. ¶¶ 254-260); (9) extortion and bribery pursuant to the Hobbs Act, 18 U.S.C. § 1951, against Justice Crane and the Appellate Defendants (Ninth Cause of Action, *see* Compl. ¶¶ 261-263); (10) pattern of racketeering pursuant to 18 U.S.C. § 1962(b) against all State Defendants (Twelfth Cause of Action, *see* Compl. ¶¶ 285-298); (11) violation of his rights under the First Amendment of the federal constitution pursuant to 42 U.S.C. § 1983 ("Section 1983) and 42 U.S.C. § 1985 ("Section 1985") against all State Defendants (Thirteenth Cause of Action, *see* Compl. ¶¶ 299-315); (12) violation of his due process rights under the Fourteenth Amendment pursuant to Sections 1983 and 1985 against all State Defendants (Fourteenth Cause of Action, *see* Compl. ¶¶ 316-322); (13) violation of his equal protection rights under the Fourteenth Amendment pursuant to Sections 1983 and 1985 against all State Defendants (Fifteenth Cause of Action, *see* Compl. ¶¶ 323-327); (14) common law fraud under New York state law against all State Defendants (Sixteenth Cause of Action, *see* Compl. ¶¶ 328-337); and (15) fraudulent conversion under New York state law against all State Defendants (Seventeenth Cause of Action, *see* Compl. ¶¶ 338-342).

 I note that with regard to the criminal statutes cited by Plaintiff, with the exception of RICO, "[t]he Supreme Court historically has been unreceptive to inferring a private right of action from a bare criminal statute, apparently because criminal statutes are usually designed to afford protection to the general public, as opposed to a discrete, well-defined group or individual."  *Schlosser v. Kwak*, 16 F.4th 1078, 1083 (2d Cir. 2021) (cleaned up).  "A private individual may bring suit under a federal statute only when Congress specifically intended to create a private right of action."  *Hill v. Didio*, 191 F. App'x 13, 14 (2d Cir. 2006).  Because of my ruling based on the *Rooker-Feldman* doctrine, I need not review the statutes individually to determine whether Congress intended to create a private right of action.

13

issued prior to the initiation of this suit, and that Plaintiff was deemed to lack standing in that action. (*See* Decision at 6–9.) Specifically, the New York state court ruled on June 1, 2021 that Plaintiff lacked standing as he was not a party to the Underlying Action and could not represent Global and 2201 LLC pro se, (*see* Decision at 6–9), and Plaintiff filed the Complaint in this action on July 12, 2023.

With regard to the substantive factors, Plaintiff's alleged injuries stem from the New York state court judgment, and Plaintiff essentially seeks review and rejection of the state court's decision. In other words, Plaintiff seeks a reversal of the state court's ruling. Plaintiff "is asking [me] to determine whether the state judgment" that found, among other things, that he lacked standing was "wrongfully issued." *Vossbrinck*, 773 F.3d at 427. Therefore, adjudicating Plaintiff's dispute as to the Property "would require [me] to review the state proceedings and determine that the . . . judgment was issued in error." *Id.* at 427. Indeed, "the injury of which [Plaintiff] 'complains' in [his] claim for relief, and which he seeks to have remedied, is the [June 1, 2021] judgment" entered by the New York state court. *Id.*

In light of the above, I find that all four of the *Rooker-Feldman* requirements are satisfied. I therefore cannot exercise jurisdiction over Plaintiff's claims, and must dismiss Plaintiff's Complaint. Because I do not have jurisdiction over Plaintiff's suit, I do not consider the merits of Plaintiff's claims.

## V. Conclusion

For the foregoing reasons, (1) Defendants' motions to dismiss Plaintiff's complaint are GRANTED; (2) Plaintiff's motions for default judgment and summary judgment are DENIED; (3) Plaintiff's motions for sanctions are DENIED; and (4) Plaintiff's motions for an injunction and restraining order are DENIED.

The Clerk of Court is respectfully directed to terminate all open motions and is further directed to close this case. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2). The Clerk is further directed to mail a copy of this Opinion & Order to the pro se Plaintiff.

SO ORDERED.

Dated: July 1, 2024
      New York, New York

_____
Vernon S. Broderick
United States District Judge